IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-01389-WJM-KLM

GENETIC TECHNOLOGIES LIMITED, an Australian corporation,

Plaintiff,

v.

AGILENT TECHNOLOGIES INC., a Delaware corporation;
BRISTOL-MYERS SQUIBB COMPANY, a Delaware corporation;
EUROFINS STA LABORATORIES, INC., a Colorado corporation;
GLAXOSMITHKLINE PLC, a British company;
MERIAL L.L.C., a Delaware limited liability company;
NAVIGENICS, INC., a Delaware corporation;
NEOGEN CORPORATION, a Michigan corporation
PFIZER INC., a Delaware corporation;
454 LIFE SCIENCES CORPORATION, a Delaware corporation;

Defendants.

**DEFENDANT 454 LIFE SCIENCES CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO SEVER AND TO TRANSFER**

COMES NOW, Defendant, 454 Life Sciences Corporation ("454"), by and through its counsel, moves to dismiss the Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for failure to state a claim under *Iqbal* and *Twombly* (Fed.R.Civ.P. 12(b)(6)); or, in the alternative, moves to sever the claims against 454 pursuant to Fed. R. Civ. P. 20 and 21, or transfer the claims against 454 to Connecticut pursuant to 28 U.S.C. §1404(a). In support of its Motion, 454 states as follows:

## I. COMPLIANCE WITH WJM PRACTICE STANDARD, SECTION III.B.1.

Undersigned counsel certifies that counsel has conferred with opposing counsel, but were unable to reach agreement.

## II. INTRODUCTION

454 moves to dismiss for lack of personal jurisdiction and for failure to state a claim under *Iqbal* and *Twombly*. Alternatively, 454 moves to have the case against it severed from the remaining defendants because the action against 454 has no relationship whatsoever to the actions against the other named defendants. Finally, 454 requests that the action against it be transferred to the District of Connecticut because this case has no connection to Colorado and the convenience of the parties and witnesses, and the interests of justice, favor transfer. Put in the simplest of terms, Colorado has no connection to, nor interest in, the dispute between Genetic Technologies Limited ("GTG") and 454.

## III. STATEMENT OF FACTS

1. Plaintiff GTG is an Australian corporation with a principal place of business in Victoria, Australia. Compl. ¶ 1. GTG is neither incorporated in nor has a principal place of business in the state of Colorado.

2. GTG's Complaint alleges that certain uses of 454's products, specifically the GS Junior and GS FLX systems ("the accused products"), infringe U.S. Patent No. 5,612,179, entitled "Intron Sequence Analysis Method for Detection of Adjacent Locus Alleles as Haplotypes" ("the '179 patent"). Compl. ¶¶ 127-130.

3. GTG's Complaint alleges that 454 has generally offered the GS FLX Genomic Sequencer for sale since January 2007 and has used and performed tests using the GS Junior Genomic Sequencer since at least 2009. *Id.*

4. GTG does not allege that any research, development and/or patent application activities of 454 occurred in the District of Colorado. *Id*.

5. 454 is a Delaware corporation with its principal place of business in Connecticut. See Exhibit A, Declaration of Thomas Jarvie (hereinafter "Jarvie Decl."), ¶ 2; Compl. ¶ 11.

6. 454 has no corporate offices in Colorado. Jarvie Decl., ¶ 2.

7. 454 owns no real or personal property in Colorado and has no manufacturing facilities, mailing address, telephone number, or bank account in Colorado. Jarvie Decl., ¶ 2.

8. 454 has no employees in Colorado. Jarvie Decl., ¶ 3.

9. All of 454's employees who are or were substantively involved in the development, advertising, and promotion of 454's DNA sequencing products are located in Branford, Connecticut. Jarvie Decl., ¶ 3.

10. All material documents in 454's possession relevant to the development, advertising, and commercialization of the DNA sequencing products are likely located in Branford, Connecticut. Jarvie Decl., ¶ 4.

### IV. GTG'S CLAIM SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER 454

GTG bears the burden of demonstrating personal jurisdiction over each defendant. *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001). In patent infringement cases, jurisdictional issues are governed by the law of the Federal Circuit. *See, e.g., Silent Drive, Inc. v. Strong Indus., Inc.,* 326 F.3d 1194, 1200-01 (Fed. Cir. 2003); *Beverly Hills Fan Co. v. Royal*

*Sovereign Corp.,* 21 F.3d 1558, 1564-65 (Fed. Cir. 1994).  "Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985)). However, because Colorado long-arm provision is coextensive with the limits of the process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process. *Keefe v. Kircshenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002).

GTG cannot establish a basis for personal jurisdiction over 454 that would comport with due process.  For the exercise of personal jurisdiction to be consistent with constitutional standards, a defendant must have sufficient minimum contacts with the forum, such that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'"  *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148 F. 3d 1355, 1358 (Fed. Cir. 1998) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  The Federal Circuit employs a three-prong test to verify due process, asking whether: (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair. *Akro Corp. v. Luker,* 45 F.3d 1541, 1545-46 (Fed. Cir. 1995).

There are two bases for personal jurisdiction that may flow from a defendant's contacts with the forum: (1) general personal jurisdiction, which arises from the defendant's continuous and systematic contacts with a forum, even when the cause of action has no relation to those contacts, and (2) specific personal jurisdiction, which arises out of the defendant's purposeful

3

activities within or towards the forum that give rise to or relate to the plaintiff's cause of action. *See Red Wing Shoe Co.*, 148 F.3d at 1359; *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998).  Neither basis applies to 454. Without a basis for personal jurisdiction, GTG cannot meet their burden according to due process, and this case must be dismissed.  *See Pieczenik.*, 265 F.3d at 1335.

### A.  454 Does Not Have Continuous and Systematic Contacts With Colorado to Establish General Personal Jurisdiction

GTG does not allege and 454 does not have the "continuous and systematic" contacts with the state of Colorado required for this Court to exercise general jurisdiction over 454.  454 is not registered to conduct business in Colorado, and has no registered agent for service of process in Colorado.  Jarvie Decl., ¶ 6.  It has no physical presence in the state -- no offices, no employees, no manufacturing facilities, no mailing addresses, no telephone numbers, and no bank accounts in Colorado.  Jarvie Decl., ¶¶ 2-3.  It has not sold any products directly to Colorado-based customers during the relevant term of the '179 patent.  Jarvie Decl., ¶ 7.  454 also has not availed itself of the protections of Colorado courts by bringing litigation in any court of the state of Colorado.  Jarvie Decl., ¶ 5.  Simply put, 454 is not doing business in Colorado, and there is no basis for this Court to find that it has general personal jurisdiction over 454.

### B.  454 Conducts No Activities that Establish a Basis for Specific Personal Jurisdiction in Colorado

454 has not conducted purposeful activities within or towards Colorado that would enable this Court to exercise specific personal jurisdiction over 454.  GTG does not (and cannot) allege that 454 performed any acts in Colorado that relate to GTG's claim, as 454 has not conducted any activities in Colorado that could give rise to GTG's claims.

4

454 has not "purposefully directed" its activities at residents of Colorado for it has committed no acts within Colorado nor caused any injury in Colorado. GTG has identified no actions by 454 that touch upon Colorado whatsoever. 454 does not make, use, import, distribute, sell, or offer to sell the accused products in Colorado. Jarvie Decl., ¶¶ 7-9. During the relevant term of the '179 patent (May 25, 2005 through March 9, 2010), 454 has not directly sold the accused products to any residents of Colorado, has not advertised or promoted the accused products in Colorado, and has not trained anyone on any specific application of the accused products in Colorado. Jarvie Decl., ¶¶ 7-8, 10. Nor has GTG alleged any injury occurring in Colorado from 454's actions; it has not identified any direct infringement by customers of 454 occurring in Colorado, or any action by 454 directed to Colorado.

Since the '179 patent claims methods for detecting DNA regions, 454 cannot directly infringe the '179 patent in Colorado without being present in Colorado. The only claim that could possibly be attributed to 454's conduct outside Colorado is induced infringement. Induced infringement occurs when a defendant actively induces infringement of a patent by another. 35 U.S.C. § 271(b) (2006). Jurisdiction for induced infringement only arises when a defendant's actions inducing infringement are purposefully directed at a state, when the defendant knows that the direct infringement occurred in that state, and when the defendant has some role in inducing or producing a combination of components that constitute such infringement. *See North Am. Philips Corp. v. American Vending Sales, Inc.,* 35 F.3d 1576, 1580-81 (Fed. Cir. 1994). 454 is not aware of any use of the accused products in Colorado. Jarvie Decl., ¶ 9. Nor has GTG alleged or identified any act of direct infringement in Colorado. Even if the accused products exist in Colorado, which has not been established or alleged, they can be used for non-infringing

5

purposes, and 454 retains no control over the use, practice, or application of their products after they are sold to customers. Jarvie Decl., ¶ 10. It is clear that GTG's claim cannot be traced to any of 454's activities under any infringement theory.

GTG's infringement claim cannot be found to arise out of or relate to 454's activities in Colorado, as 454 has conducted no activities or business there. As a result, exercising personal jurisdiction over 454 will offend "'traditional notions of fair play and substantial justice.'" *Red Wing Shoe,* 148 F. 3d at 1358 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). For the foregoing reasons, 454 respectfully asks this Court to find that it lacks personal jurisdiction over 454 and to grant its motion to dismiss.

## V. GTG'S ALLEGATIONS OF INFRINGEMENT BY 454 FAILS TO STATE A CLAIM UNDER *TWOMBLY* AND *IQBAL*

To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must be "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be facially plausible, the plaintiff must " plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

GTG's allegations with respect to 454 fail to meet this pleading standard:

- With respect to direct infringement, has not alleged that 454 itself has committed any infringing acts in this country, as required by 35 U.S.C. § 271(a). Complaint, ¶¶ 127-130.

- With respect to contributory infringement and inducement, GTG's only allegation is the generalized allegation that "Defendants have induced and/or contributed to the infringement of one or more of the claims of the '179 Patent by others" Complaint, ¶

6

> 28. GTG has failed to plead any intent to induce or contribute to infringement or acts of direct infringement by customers in this country as required under both 35 U.S.C. 271(b) and (c). *See DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1304-07 (Fed. Cir. 2006) (requiring a plaintiff to show specific intent to induce others to infringe*). Global-Tech Appliances, Inc. v. SEB S.A*., 131 S. Ct. 2060, 2068 (U.S. 2011) (requiring for inducement, like contributory infringement, "knowledge that the induced acts constitute patent infringement"*).*

As such, GTG's infringement claims against 454 should be dismissed under *Iqbal* and *Twombly.*

## VI. GTG's CLAIM AGAINST 454 SHOULD BE SEVERED FROM THE CLAIMS AGAINST THE OTHER DEFENDANTS

454 has no connection with the other defendants in this case, and has been improperly joined. Under Federal Rule of Civil Procedure 20(a), defendants may be joined in a single action if both prongs of a two-part test are met: (1) "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). *See Watson v. Blankenship,* 20 F.3d 383, 389 (10th Cir. 1994); *Nat'l Ass'n of Investors Corp. v. Bivio, Inc.*, Civ. A. No. 10-cv-00567, 2011 WL 1059835, at *2 (D. Colo. March 21, 2011). GTG's claims against 454 do not arise from the same transaction or occurrence as the other defendants. While the same patent is asserted against each defendant, each defendant is separately accused of infringement based on unique actions and different accused products. 454 will be prejudiced by its grouping with the other unrelated defendants, as 454's opportunity to differentiate its products from the others will be unfairly constrained. In the event that the Court determines that neither dismissal nor transfer are warranted, 454 moves this Court to sever GTG's claims against 454 from this action pursuant to Rules 20 and 21.

7

### A.  454 is Improperly Joined with the Other Defendants in This Action

In assessing whether joinder is proper, the Court looks to the "likelihood of overlapping proof and duplication in testimony." *S.E.C. v. Woodruff*, Civ. A. No. 05–cv–00480, 2011 WL 1211400, at *19 (D. Colo. March 31, 2011) (quoting *DirecTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004)).  Joinder is improper when (1) the defendants are independent companies; (2) the infringement is based on different products or different acts; and (3) the defendants are in competition with one another.  *See Spread Spectrum Screening, LLC. v. Eastman Kodak Co.*, No. 10-C-1101, 2010 WL 351610, at *2. (N.D. Ill. Sept. 1, 2010)

454's only link to the other defendants is their alleged infringement of the '179 patent. This is insufficient, for it is well established that the "same transaction and occurrence" prong of Rule 20(a) is not met simply because each of the defendants' products are accused of infringement of the same patent.  *Id.  New Jersey Mach. Inc. v. Alford Indus.,* Civ. A. No. 89-1879, 1991 WL 340196, at *1-2 (D.N.J. Oct 07, 1991), *aff'd,* 983 F.2d 1087 (Fed. Cir. 1992). Improper joinder in patent cases has drawn the attention of the U.S. Congress, who is on the verge of passing a new law that will prohibit joinder of multiple defendants "based solely on allegations that they each have infringed the patent or patents in suit."[1]

GTG's claims against 454 do not arise out of the same transaction or occurrence as GTG's claims against the other defendants.  454 is a separate company from each of the other defendants.  GTG has not alleged that 454 is jointly or severally liable with any other defendant,

---

[1] A provision of the "America Invents Act" will amend 35 U.S.C. § 273(a) to include the language: "ALLEGATIONS INSUFFICIENT FOR JOINDER. – For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants based solely on allegations that they each have infringed the patent or patents in suit." H.R. 1249, 112th Cong. (2011). On June 23, H.R. 1249 was convincingly passed 304-117 in the House of Representatives. As of August 15, 2011, this bill is currently awaiting a vote in the Senate.

or that 454 is in any way related to or affiliated with any other defendant. Indeed, 454's accused products are not related to the other defendant's products. Jarvie Decl., ¶ 11. 454 manufactures and sells its DNA sequencing machines both independently of and in direct competition with the other defendants, whose accused products include a wide variety of products and services, including pharmaceutical drugs, genetic testing services, diagnostic reagents, and basic science research tools. Each defendant produces at least one unique product, so GTG's case against 454 will be separate and distinct from GTG's case against each other defendant. None of 454's employee testimony or documents will be relevant to the other defendants. If the case remains intact, the Court and the jury will have to sort through at least nine separate and distinct non-infringement defenses.

### B. 454 Will Be Prejudiced if Not Severed from the Other Defendants

The improper joinder of 454 is sufficient to justify severance from the other defendants. Indeed, the test for severance in this Court is whether parties are properly joined under Rule 20(a)(2). *Nat'l Ass'n of Investors Corp.,* 2011 WL 1059835 at *2. Joinder of multiple defendants is permitted only if it "will serve the purpose of Rules 20 and 21 – convenience for the parties and the court, expeditious determination of the dispute, and avoidance of multiple lawsuits, and will not unduly prejudice defendants." *C.K.H., L.L.C. v. Quizno's Master, L.L.C.,* Civ. No. 04-RB-1164, 2005 U.S. Dist. LEXIS 42347, at *26 (D. Colo. Mar. 24, 2005). Not only will 454 suffer prejudice if forced to defend their case alongside many unrelated parties, but the consolidated case is inconvenient for all parties and will certainly take much longer with multiple defendants. The Court should exercise its discretion and sever 454 from this action. *Brotzman v. Lippet, Inc.*, Civ. A. No. 10-cv-00316, 2010 WL 2262543 *1, *1 (D. Colo. June 4, 2010).

Compelling 454 to address the allegations against it in a single action along with the other defendants will prolong trial and ignores the unique nature of 454's accused products. In a consolidated action, the sheer volume of evidence irrelevant to 454 that will be submitted for trial creates a real danger of jury confusion and impermissible overflow of evidence. Further, to prove that its accused products do not infringe the '179 patent and/or the '179 patent is invalid, 454 will have to rely on highly confidential evidence that is the lifeblood of its business. 454 will be forced to risk exposure of this sensitive material to competitors. These risks and expenses can only be avoided by severance.

Severance of 454 will promote judicial interests and follow the purpose of Rule 20 and 21. While a single trial naturally achieves a certain level of convenience and economy, the potential jury confusion and prejudice that would result from a single trial in this case outweighs such economies. *Mfg. Bank & Trust Co. of St. Louis v. Transamerica Ins. Co.,* 568 F. Supp. 790, 793 (E.D. Mo. 1983) (avoiding confusion and prejudice "outweigh the immediate and superficial economies which might be achieved by conduct of a single trial") (citing *Kosters v. The Seven-Up Co.,* 595 F.2d 347, 356 (6th Cir. 1979)). Here, severance and multiple trials will promote judicial economy. All defendants are unlikely to share the same litigation schedule, pending the rulings on Rule 12 motions. Pretrial burdens on this Court will be significantly reduced, as substantial pretrial motions relating to the other defendants would be avoided.

## VII. GTG'S CLAIM AGAINST 454 SHOULD BE TRANSFERRED TO THE DISTRICT OF CONNECTICUT

Dismissal of this action against 454 is the proper remedy. However, in the event that the Court determines that outright dismissal is not warranted, 454 moves this Court to transfer this action to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §

10

1404(a).[2]  If 454's transfer request pursuant to Section 1404 is granted, the Court does not need to address 454's motion to dismiss for lack of personal jurisdiction.  *See Sinochem Int'l. Co. Ltd. v. Malaysia Int'l. Shipping Corp.*, 549 U.S. 422, 431 (2007)

A threshold determination for a transfer motion is whether the action could have been brought in the transferee venue.  *See Hoffman v. Blaski*, 363 U.S. 335, 342-44 (1960).  All that is necessary under Section 1404(a) is that the transferee court have jurisdiction over the defendant in the transferred complaint.  *In re Genentech*, 566 F.3d 1338, 1346 (Fed. Cir. 2009).  454's principal place of business is located in the District of Connecticut.  Personal jurisdiction over 454 and venue are clearly proper in the District of Connecticut. Jarvie Decl., ¶ 2.

With this threshold inquiry met, analysis turns to discretionary factors such as the convenience of parties and witnesses and the interests of particular venues in hearing the case. Other discretionary factors weighed in the Tenth Circuit include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).  As established below, the connection between GTG, the controversy, and GTG's chosen forum is highly attenuated and the discretionary factors weigh strongly in favor of the requested transfer.

---

[2] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought."  28 U.S.C. § 1404(a).

### A. GTG's Choice of Forum is Entitled Minimal Consideration

The general rule of giving deference to a plaintiff's choice of forum does not apply in this case. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). GTG is an Australian corporation with a principal place of business in Victoria, Australia (Compl. ¶ 1). It does not have *any* discernible connection with the District of Colorado. GTG's only claim regarding venue is its implausible, speculative and conclusory allegation that 454 "upon information and belief" has minimum contacts with the District of Colorado. Compl. ¶ 15. However, as explained above, the operative facts giving rise to GTG's claims against 454 occurred entirely outside of Colorado and GTG has alleged no acts of direct infringement here. GTG's forum choice is thus entitled to little deference in the transfer analysis. *See Emplrs. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010); *Four Corners Neurology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095, 1098 (D. Colo. 2006) (plaintiff's choice of forum receives less deference if the plaintiff does not reside in the district).

### B. The District of Connecticut Allows Ready Access to Witnesses and Other Sources of Proof, Including the Availability of Compulsory Process to Insure Attendance of Witnesses

The accessibility of witnesses and sources of proof weigh heavily in favor of transfer. "The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Emplrs Mut. Cas. Co.,* 618 F.3d at 1169; *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1121-22 (10th Cir. 2003) (limiting its consideration of the § 1404(a) factors to the location of the witnesses). Here, the material documents and witnesses are located in Connecticut, where 454's offices are located. Jarvie Decl., ¶¶ 3-4. Specifically, the material documents in 454's possession relevant to the development, advertising, and commercialization

12

of the DNA sequencing products are located in physical and electronic files in Branford, Connecticut. Jarvie Decl., ¶ 4. Moreover, 454 is not aware of any people or evidence to be presented at trial that are currently situated in Colorado.

The presence of material witnesses and sources of proof in the District of Connecticut, or at least in much closer proximity to that district than to the present district and potentially within the subpoena power of the District of Connecticut, coupled with GTG's lack of presence in the present district weighs heavily in favor of transfer. *See, e.g., Berentsen v. Titan Tech. Partners, Ltd.*, 2009 U.S. Dist. LEXIS 90203, at 8 (D. Colo. Sept. 30, 2009) (holding that in the interests of convenience and fairness, the presence of a majority of witnesses in North Carolina, weighs in favor of transfer and overcomes plaintiff's choice of Colorado as a desired forum).

### C. The Costs of Attendance for Willing Witnesses and of Making the Necessary Proof will be Lower in the District of Connecticut

Any current 454's employees who are called to testify would need to travel less than forty miles (about 50 minutes by car) to Hartford, Connecticut as opposed to over 1850 miles to Denver, Colorado. For all of these witnesses, it would be significantly more expensive in terms of both costs and time to travel to the District of Colorado. In fact, 454 is unaware of any relevant willing witnesses for whom the cost of attendance and the cost of transporting relevant documents would be lower in the District of Colorado than in the District of Connecticut.

Further, 454 is skeptical that any of GTG's witnesses with relevant testimony are located in Colorado. But even if the Court were to assume that there are such witnesses, the savings for a few witnesses staying in Denver, Colorado would be far outweighed by the majority of witnesses incurring the expense of traveling across the country. Thus, this factor strongly favors transfer. *See Sackett v. Denver & R. G. W. R. Co.*, 603 F. Supp. 260, 261 (D. Colo. 1985)(noting

that expense of transporting witnesses from Salt Lake City to Denver was "more than negligible" and was a factor favoring transfer to Utah).

### D. This Court's Congested Docket Favors Transfer to the District of Connecticut

The Tenth Circuit has noted that the most relevant statistics to evaluate a court's congestion include the pending cases per judge and the average weighted filings per judge. *See Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010). The most recent statistics provide that the unweighted average of civil filings per judgeship in the District of Connecticut is 268, compared to 441 in the District of Colorado. (2010 Judicial Business Report, Ex. B). Similarly, the weighted average of civil filings per judgeship in the District of Connecticut is 320, compared to 515 in the District of Colorado. *Id*. Accordingly, the civil docket in the District of Colorado is approximately one and a half to two times more congested than that of the District of Connecticut. Thus, this factor weighs heavily in favor of transfer to the District of Connecticut.

### E. Unlike the District of Connecticut, the District of Colorado Has No Localized Interest in the Present Dispute

Here, GTG brought an infringement action in the District of Colorado against a company headquartered in Branford, Connecticut. Jarvie Decl., ¶ 2. GTG is neither incorporated in nor has a principal place of business in the state of Colorado. Compl. ¶ 1. The District of Colorado does not have a real localized interest in the outcome; the only "link" to this case is through GTG's unsubstantiated, implausible and conclusory allegation that 454 has minimum contacts with this District.

In contrast, the District of Connecticut has a strong localized interest in deciding the present case, as its serves as the home of the key business and individuals involved with the accused products. Jarvie Decl., ¶¶ 2, 5. This factor also weighs strongly in favor of transfer.

### F. The Remaining Discretionary Factors Favor or Are Neutral to Transfer to the District of Connecticut

The present case will involve the application of federal patent laws, and enforcement of any judgment; both this Court and the District of Connecticut are equally suited for those tasks. Both are also equally suited to provide both sides of this case with a fair trial. 454 is unaware of any conflict of laws issue in the present case, let alone an issue that is better decided by one venue over the other. Additionally, 454 is unaware of any practical problems (other than those discussed with respect to other factors) involved with either maintaining this case in the District of Colorado or transferring it to the District of Connecticut. Thus, these factors are neutral.

While Section 1404(a) sets no time limit for bringing a motion to transfer thereunder, this Motion is brought at its earliest possible point of these proceedings so as to make "a trial easy, expeditious and economical." *Chrysler Credit Corp.,* 928 F.2d at 1515. This consideration likewise weighs in favor of transfer.

### VIII. CONCLUSION

For the foregoing reasons, 454 respectfully moves this Court for dismissal for lack of personal jurisdiction over 454 and for failure to state a claim under *Iqbal* and *Twombly*. In the alternative, 454 respectfully requests that this Court grants its motion to sever GTG's claims against 454 as severance of 454 is warranted for misjoinder and to avoid prejudice to 454. Further, 454 respectfully requests that this action be transferred to the District of Connecticut for the convenience of the parties and the witnesses, and in the interests of justice.

15

Dated this 15th day of August, 2011.

        Respectfully submitted,

        HALL & EVANS, L.L.C.

        *s/Peter C. Middleton*

        _____
        Peter C. Middleton, #32335
        S. Jane Mitchell, #24444
        J. Ryan Johnson, #40580
        1125 – 17th Street, Suite 600
        Denver, CO  80202
        T: 303-628-3300
        F: 303-628-3368
        MiddletonP@hallevans.com
        MitchellJ@Hallevans.com
        JohnsonR@hallevans.com

        and

        Grantland G. Drutchas (*Entry of Appearance to be filed*)
        James V. DeGiulio
        Dmitriy A. Vinarov
        Paula S. Fritsch (*Entry of Appearance to be filed*)
        McDonnell Boehnen Hulbert & Berghoff LLP
        300 South Wacker Drive, Suite 3100
        Chicago, IL  60606
        T: 312-913-0001
        F: 312-913-0003
        degiulio@mbhb.com
        vinarov@mbhb.com
        drutchas@mbhb.com

        **ATTORNEYS FOR DEFENDANT**
        **454 LIFE SCIENCES CORPORATION**

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August, 2011, a true and correct copy of the above **DEFENDANT 454 LIFE SCIENCES CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO SEVER AND TO TRANSFER** was filed with the United States District Court via the ECF system and served on the following:

| | |
|---|---|
| Robert R. Brunelli, Esq.<br>Todd P. Blakely, Esq.<br>Benjamin B. Lieb, Esq.<br>Hiwot M. Covell, Esq.<br>Sheridan Ross P.C.<br>rbrunelli@sheridanross.com<br>tblakely@sheridanross.com<br>blieb@sheridanross.com<br>hcovell@sheridanross.com<br>*Attorneys for Plaintiff, Genetic Technologies Limited* | Hugh Q. Gottschalk, Esq.<br>Matthew E. Johnson, Esq.<br>Wheeler Trigg O'Donnell LLP<br>Gottschalk@wtotrial.com<br>Johnson@wtotrial.com<br>*Attorneys For Defendant, Aglient Technologies Inc.*<br><br>Ryan J. Fletcher, Esq.<br>Merchant & Gould PC<br>rfletcher@merchantgould.com<br>*Attorneys for Defendant, Eurofins Sta Laboratories, Inc.* |
| David B. Wilson, Esq.<br>Holme Roberts & Owen LLP<br>david.wilson@hro.com<br>and<br>William F. Lee, Esq.<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>william.lee@wilmerhale.com<br>Tracey C. Allen, Esq.<br>Amy K. Wigmore, Esq.<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>tracey.allen@wilmerhale.com<br>amy.wigmore@wilmerhale.com<br>and<br>*Attorneys for Defendant, Bristol-Myers Squibb Company* | Mary A. Wells, Esq.<br>Wells, Anderson & Race, LLC<br>mwells@warllc.com<br>*Attorneys for Glaxosmithkline PLC*<br><br>Bruce A. Featherstone, Esq.<br>John P. Elsevier, Esq.<br>Judy De Leon Jarecki-Black<br>bfeatherstone@featherstonelaw.com<br>jpelsevier@jonesday.com<br>judy.jarecki@merial.com<br>*Attorneys for Defendant, Merial L.L.C.* |
| Jared C. Walters, Esq.<br>Timothy J. Lamb, Esq.<br>Timothy J. Lamb, P.C.<br>lambtimothyjpc@qwestoffice.net<br>and | George Green, Esq.<br>Arnold & Porter LLP<br>George.Green@aporter.com<br>Matthew Wolf, Esq.<br>Arnold & Porter LLP |

17

| | |
|---|---|
| Anita G. Fox, Esq. (P 47818)<br>Fraser Trebilcock Davis & Dunlap, P.C.<br>afox@fraserlawfirm.com<br>*Attorneys for Defendant, Neogen Corporation* | Matthew.Wolf@aporter.com<br>Wallace Wu<br>Arnold & Porter LLP<br>Wallace.Wu@aporter.com<br>*Attorneys for Defendant, Hologic* |
| Peter E. Root, Esq.<br>Michael J. Malecek, Esq.<br>Stephen Holmes, Esq.<br>Kaye Scholer LLP<br>stephen.holmes@kayescholer.com<br>peter.root@kayescholer.com<br>michael.malecek@kayescholer.com<br>*Attorneys for Defendant, Pfizer Inc.* | *Attorneys for Defendant, Navigenics, Inc.* |

_____
*s/V. Dawn Brimer*, Legal Secretary
Hall & Evans, L.L.C.

18