## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01389-WJM-KLM

GENETIC TECHNOLOGIES LIMITED, an Australian corporation,

      Plaintiff,

vs.

AGILENT TECHNOLOGIES, INC., a Delaware corporation,
BRISTOL-MYERS SQUIBB COMPANY, a Delaware corporation,
EUROFINS STA LABORATORIES, INC., a Colorado corporation,
GLAXOSMITHKLINE PLC, a British company,
HOLOGIC, INC., a Delaware corporation,
NAVIGENICS, INC., A Delaware corporation,
MERIAL L.L.C., a Delaware limited liability company,
NEOGEN CORPORATION, a Michigan corporation,
PFIZER INC., a Delaware corporation, and
454 LIFE SCIENCES CORPORATION, a Delaware corporation,

      Defendants.

## INTERIM STIPULATED CONFIDENTIALITY ORDER --
## GENETIC TECHNOLOGIES LIMITED AND MERIAL L.L.C.

      WHEREAS, Genetic Technologies Limited ("GTG") and Merial L.L.C. ("Merial") (collectively, "Parties", or individually, "Party") have stipulated and agreed, pursuant to Fed.R.Civ.P. 26(d)(1), that certain limited discovery of materials from GTG is appropriate and relevant to Merial's investigation of GTG's allegations against Merial in this proceeding, including Rule 12 defenses and other pre-trial motions that may be available to Merial,

      WHEREAS, pursuant to said limited discovery agreement, Merial has requested certain specific documents from GTG,

WHEREAS, GTG has represented that the documents requested by Merial are confidential ("Confidential Information") and may only be disclosed after GTG gives appropriate notice to certain third parties of Merial's demand for disclosure and of GTG's intention to provide said documents to Merial confidentially pursuant to an appropriate protective order,

WHEREAS, GTG represents that said Confidential Information is appropriate for confidential treatment because it was designated confidential pursuant to pre-existing agreements between GTG and certain third parties and because the material contains commercially sensitive information,

WHEREAS, the Parties have stipulated to this protective order ("Stipulated Confidentiality Order") to facilitate the disclosure of the Confidential Information pursuant to the Parties' discovery stipulation,

WHEREAS, the Parties believe that Confidential Information will frame certain issues for the Court early in this proceeding, and

WHEREAS, the Parties intend for this Stipulated Confidentiality Order to be superseded and replaced by any future protective order that may hereafter be entered by the Court to govern the discovery, disclosure, and use of any confidential information produced in this proceeding and for the Confidential Information to thereafter be subject to any such future order,

IT IS HEREBY ORDERED AS FOLLOWS:

1.     Any document that GTG intends to provide pursuant to the Parties' discovery stipulation and that GTG contends discloses or contains any non-public, sensitive commercial, financial or technical information that GTG believes in good faith must be held confidential to protect business or commercial interests or to avoid impairing commercial value or competitive

worth may be designated Confidential Information within the terms of this Stipulated Confidentiality Order and, if so designated, shall be subject to the terms and restrictions of this Stipulated Confidentiality Order, unless and until that designation or right of protection is removed by further order of the Court or in writing by GTG. Any secondary or derivative documents or other materials containing or describing said Confidential Information shall also be deemed to be designated Confidential Information pursuant to this Stipulated Confidentiality Order, and shall be treated and handled accordingly.

2.      GTG may designate a document Confidential Information by placing on or affixing to the first page of the document the designation "CONFIDENTIAL". Any nonpublic secondary, or derivative documents or other materials containing or describing Confidential Information shall also be deemed to be designated Confidential Information pursuant to this Stipulated Confidentiality Order, and shall be treated and handled accordingly, even if not marked to bear the "Confidential" designation.

3.      Except as expressly stated herein or authorized by further order of the Court, designated Confidential Information shall be used by Merial solely for purposes of defending this action against Merial for infringement of U.S. Patent No. 5,612,179 ("the '179 patent"), and not for any other purposes.

4.      Nothing herein shall affect or restrict the rights of Merial with respect to documents or information obtained or developed independently of Confidential Information produced or provided in this litigation. Nothing herein shall be construed as preventing Merial from using any information known by it prior to receiving Confidential Information in this litigation. This Stipulated Confidentiality Order shall not abrogate or diminish any contractual,

statutory, or other legal right or obligation of any Party or person with respect to Confidential Information.

5. The provisions of this Stipulated Confidentiality Order shall not apply to the use of any Confidential Information at trial of this matter. The Parties and Court shall address the procedures for handling Confidential Information at trial upon motion or based upon further direction from the Court. Any Party filing, submitting, or otherwise using designated Confidential Information in any court proceeding, however, shall make every reasonable effort to prevent the Confidential Information from becoming part of the public record, including by filing materials under seal in accordance with the provisions of D.C.COLO.LCivR 7.2. The Court will determine the propriety of any requests to seal in this patent infringement action pursuant to D.C.COLO.LCivR 7.2 and applicable law.

6. Disclosure of Confidential Information shall be limited to: (i) Merial's litigation counsel, including in-house counsel, and their legal assistants, clerks, and other litigation support staff, including the staff of any copying services and databasing companies, engaged by Merial's counsel; (ii) independent experts or consultants retained by Merial or its counsel, in connection with Merial's defense of this action against Merial for infringement of the '179 patent, provided such experts have first executed the Acknowledgement and Agreement to be Bound in the form annexed hereto as Exhibit A; and (iii) the Court, including any appellate court to which an appeal is taken in this action, and any of their personnel, including clerks, court reporters, and other support staff. Merial's litigation counsel shall be responsible for obtaining execution of and retaining the original copies of any Acknowledgment and Agreement to be Bound required in sub-section (ii) above.

4

7.      Nothing herein shall be construed as an agreement or admission by Merial that any information designated as Confidential Information is in fact confidential.  Merial shall not be obligated to promptly challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.  At any stage of these proceedings, Merial may challenge the propriety of any designation of any materials, or any part thereof, as Confidential Information. In the event that Merial objects to any designation, the parties shall meet and confer to try to resolve the matter by agreement. If the parties cannot reach an agreement, then Merial may initiate a conference call to the Court pursuant to Magistrate Judge Mix's discovery procedures to resolve the Parties' dispute.  The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection.

8.      Nothing in this Order shall be deemed to preclude GTG from seeking and obtaining, on an appropriate showing, such additional protection with respect to the Confidential Information.

9.      Within one hundred twenty (120) days of final termination of this action against Merial and any appeal, unless otherwise agreed to in writing by an attorney of record for GTG, Merial shall destroy all designated Confidential Information produced pursuant to this Order, including all copies thereof, except that outside counsel for a Party may retain a copy of any Confidential Information filed with the Court.

10.     No part of the restrictions imposed by this Stipulated Confidentiality Order may be terminated, unless agreed to in writing by counsel of record for GTG, or by an order of this Court for good cause shown. The termination of this action shall not automatically terminate this

5

Stipulated Confidentiality Order and the obligations of confidentiality and restrictions on use hereunder shall survive any resolution of this litigation.

11.     Any Party may seek modification of this Stipulated Confidentiality Order for good cause shown.

DATED: ~~September~~ *November 1*, 2011.         BY THE COURT:

_____
United States ~~District Court~~ Judge
            *Magistrate*

**Agreed as to Form and Content:**

*Attorneys for Plaintiff*                   *Attorneys for Defendant Merial L.L.C.*

  s/ Benjamin B. Lieb                         s/ Bruce A. Featherstone

Benjamin B. Lieb                          Bruce A. Featherstone
Robert R. Brunelli                        FEATHERSTONE PETRIE DESISTO LLP
Hiwot M. Covell                           600 17th Street, Suite 2400S
SHERIDAN ROSS, P.C.                       Denver, CO 80202
1560 Broadway, #1200                      bfeatherstone@featherstonelaw.com
Denver, CO 80202-5141
blieb@sheridanross.com                    J. Patrick Elsevier, Ph.D.
rbrunelli@sheridanross.com                JONES DAY
hcovell@sheridanross.com                  12265 El Camino Real, Suite 200
                                          San Diego, CA 92130-4096
                                          jpelsevier@jonesday.com

                                          Judy Jarecki-Black Ph.D.
                                          Merial Limited
                                          3239 Satellite Blvd
                                          Duluth, GA 30096
                                          judy.jarecki@merial.com

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____

_____, declare under penalty of perjury that I have read in its

entirety and understand the Interim Stipulated Confidentiality Order that was issued by the

United States District Court for the District of Colorado in the case of *Genetic Technologies*

*Limited v. Agilent Technologies, Inc., et al.*, Case No. 11-cv-01389-WJM-KLM.  I agree to

comply with and to be bound by all the terms of this Interim Stipulated Confidentiality Order and

I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Interim Stipulated Confidentiality Order to any

person or entity except in strict compliance with the provisions of this Order.  I further agree to

submit to the jurisdiction of the United States District Court for the District of Colorado for the

purpose of enforcing the terms of this Interim Stipulated Confidentiality Order, even if such

enforcement proceedings occur after termination of this action.

STATE OF  _____   )

COUNTY OF _____   )

SUBSCRIBED AND SWORN to before me this ____ day of _____, 20__, by

_____.

WITNESS my hand and official seal.  _____

My Commission Expires:  _____

7