IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01389-WJM-KLM

GENETIC TECHNOLOGIES LIMITED, an Australian corporation,

    Plaintiff and Counter Defendant,

v.

AGILENT TECHNOLOGIES, INC., a Delaware corporation,
BRISTOL-MYERS SQUIBB COMPANY, a Delaware corporation,
EUROFINS STA LABORATORIES, INC., a Colorado corporation,
MERIAL L.L.C., a Delaware limited liability company,
PFIZER INC., a Delaware corporation,
454 LIFE SCIENCES CORPORATION, a Delaware corporation,
GENESEEK, INC., a Nebraska corporation, and
GLAXOSMITHKLINE LLC, a Delaware corporation,

    Defendants;

BRISTOL-MYERS SQUIBB COMPANY, a Delaware corporation, and
EUROFINS STA LABORATORIES, INC., a Colorado corporation,

    Counter Claimants.

## ORDER

### ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on the **Joint Submission Regarding Proposed Blanket Protective Order** [Docket No. 275; Filed December 16, 2011] (the "Motion"). The parties represent that all but two issues have been resolved as to the entry of a stipulated protective order. The two remaining issues concern access to protected materials by in-house counsel who have not entered an appearance in the case and whether any protected material may be disclosed outside of the United States. The Court has reviewed

the Motion containing the parties' respective statements and the proposed protective order. The Motion is **GRANTED** to the extent that the Court enters a protective order contemporaneously with this Order, consistent with the conclusions stated below.

The two remaining disputed issues overlap, and arise from the assertion that Plaintiff is a foreign company located in Melbourne, Australia, and its in-house counsel are licensed to practice law in Australia, but are not licensed in the United States. Defendants are concerned by the alleged difficulty of enforcing the protective order against non-United States residents. Defendants believe that these concerns require restricting any designated in-house counsel from accessing protected information unless that person has entered his or her appearance in the lawsuit, in addition to restricting any dissemination of protected information outside of the geographic boundaries of the United States.

Defendants provide no direct legal authority for their proposition. Defendants cite to *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984), stating that "[w]hether an unacceptable opportunity for inadvertent disclosure exists . . . must be determined . . . by the facts on a counsel-by-counsel basis . . . ." Notably, the sentence preceding the citation presented by Defendants from *U.S. Steel Corp.* (and omitted from Defendants' statement) recognizes that "[t]he problem and importance of avoiding inadvertent disclosure is the same for both [in-house and retained counsel]." 730 F.2d at 1468. Inadvertent disclosure is always a risk, whether the information is in the United States or outside of this geographic locale. As further explained below, requiring Plaintiff's in-house counsel and out-of-country expert to adhere to the protective order via the Acknowledgment and Agreement to Be Bound is a reasonable mechanism to protect against inadvertent disclosure, just as it would be for in-house counsel or experts located

in this country.

Defendants agree that the execution of the Acknowledgment and Agreement to Be Bound indeed subjects the signer to the jurisdiction of the Court for purposes of enforcing the protective order. [#275] at 7, 8. The Court finds that Plaintiff's proposal of requiring the parties' designated in-house counsel (or expert, no matter the location of such expert) to execute the Acknowledgment and Agreement to Be Bound included as Exhibit A to the protective order is adequate protection for information disclosed in this lawsuit. The Court believes that the home-field suggestions by Defendants are unnecessary and overbroad, and overlook the fact that many lawsuits adjudicated in federal court arise from disputes between a company or individual located in the United States and a company or individual located in another country. The simple fact that a litigation participant does not reside in the United States is not enough to impose a restriction on a party's right to choose its own experts and its own legal counsel, within the confines of the federal and local rules. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#275] is **GRANTED** as follows. The proposed protective order attached to the Motion as Exhibit 1 is entered with interlineations contemporaneously with this Order.

Dated: December 29, 2011

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge
3