~~**EXHIBIT 1**~~

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01389-WJM-KLM

GENETIC TECHNOLOGIES LIMITED,
an Australian corporation,

      Plaintiff,

      v.

AGILENT TECHNOLOGIES, INC., a Delaware corporation;
BRISTOL-MYERS SQUIBB COMPANY, a Delaware corporation;
EUROFINS STA LABORATORIES, INC., a Colorado corporation;
GENESEEK, INC., a Nebraska corporation;
GLAXOSMITHKLINE LLC, a Delaware company;
MERIAL L.L.C., a Delaware limited liability company;
PFIZER INC., a Delaware corporation; and
454 LIFE SCIENCES CORPORATION, a Delaware corporation;

      Defendants.

---

## PROTECTIVE ORDER

---

1.    <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery activities in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this action would be warranted. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only

to the limited information or items that are entitled under applicable legal principles to treatment as confidential.

2.     DEFINITIONS

2.1     Party: any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery or otherwise in the prosecution or defense of this matter.

2.3     "Confidential" Information or Items: non-public materials (regardless of how generated, stored or maintained) or tangible things containing sensitive commercial, financial or technical information that the Producing Party believes in good faith must be held confidential to protect business or commercial interests or to avoid impairing commercial value or competitive worth.  Materials designated as "Confidential" shall be disclosed only to Qualified Persons described in Paragraphs 7.2(a) through 7.2(g), up to a total of two Qualified Persons per Party described in Paragraph 7.2(i), and Qualified Persons described in Paragraph 7.2(h) below if the Designating Party allows.

2.4     "Highly Confidential-Attorneys' Eyes Only" Information or Items: non-public materials that contain or disclose (i) current cost and pricing information; (ii) proprietary technical, scientific, research, or development information, including but not limited to that connected to trade secrets, basic research and tools and methods for research, patent applications not yet published, or past, present, or intended design, development, structure, materials,

2

manufacture, testing or trials, and the results of such testing or trials, of the products or product concepts of the Producing Party; (iii) specifics of financial or business plans or strategies; (iv) proposed, pending, contemplated, or non-public commercial transactions or other proposed, pending, contemplated, or non-public business ventures or combinations; (v) proprietary competitor analysis; (vi) licensing plans, strategies, research and analysis; (vii) personnel data, personal financial information, or tax data; and (viii) other information that the Producing Party believes in good faith is so commercially sensitive or confidential that the disclosure to employees of another Party, even under the restricted terms and conditions applicable to material designated "Confidential," would not provide adequate protection to the interest of the Producing Party.  Nothing herein should be construed as an admission that the categories of information referenced above exist or are discoverable.  Materials designated as "Highly Confidential-Attorneys' Eyes Only" shall be disclosed only to Qualified Persons described in Paragraphs 7.2(a) through 7.2(g) below, and Paragraph 7.2(h) below if the Designating Party allows.

2.5     "Protected Material": Confidential Information or Items and Highly Confidential-Attorneys' Eyes Only Information or Items as well as copies thereof disclosed or produced by any Party in this litigation (or by any third-party or non-party).  Protected Materials shall not include: (a) advertising materials; (b) materials that on their face show that they have been published to the general public; or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

2.6     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party in this action.

2.7     Producing Party: a Party or non-party that produces Disclosure or Discovery Material to a Receiving Party in this action.

2.8     Designating Party: a Producing Party that designates Disclosures or Discovery Material as "Confidential" or "Highly Confidential-Attorneys' Eyes Only."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    In-House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained or specially employed by a Party or its counsel to serve as an expert witness or as a consultant in this action.  However, nothing in this Order precludes any employee of a Party from being designated as or providing expert testimony in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and persons or entities that provide jury or trial consulting services and/or independent contractors and/or their employees and subcontractors hired to assist them.

3.      SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as

all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel that might reveal Protected Material.

4.      DURATION

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. A Designating Party must take care to limit any designation of information or items to specific material that qualifies under the standards set forth above, so that other materials for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routine designations are prohibited.  If it comes to the attention of a Designating Party that information or items that it designated for protection under this Order do not qualify for protection as set forth herein, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing or revising the mistaken designation.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Paragraph 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)      for information in documentary form (apart from transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page that contains Protected Material. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which materials qualify for protection under this Order, then, before producing the specified materials, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY") on each page that contains Protected Material;

(b)     for testimony given in pretrial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the hearing or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." In addition, all testimony in a deposition shall be automatically treated by the Parties as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" for up to thirty (30) days after receipt of the official transcript. A Party or non-party that sponsors, offers, or gives the testimony has up to thirty (30) days after receipt of the official transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within thirty (30)

days after receipt of the official transcript shall be covered by the provisions of this Order. Transcripts containing Protected Material must have affixed by the court reporter to the top of the transcript the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony;

(c)     for documents produced electronically in native format, that the Producing Party either: (1) attach a cover sheet bearing the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY") in a clear, distinctive manner to any document containing Protected Material; or (2) affix in a prominent place the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to the exterior of any CD, DVD, Flash Drive, Hard Drive or any other media containing Protected Material; provided that nothing herein should be deemed as an admission by any Party that documents produced in this Action must be produced in native format; and

(d)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."   If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY."

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     Inadvertent Production of Privileged Material. Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product or other applicable privileges during discovery in this matter, shall be without prejudice to any claim that such document or other information is privileged or confidential, and no party shall be held to have waived any rights by such inadvertent disclosure. If the Producing Party claims in writing that identified material was inadvertently disclosed, the Receiving Party shall immediately return to counsel for the Producing Party any and all copies of the identified material and thereafter refrain from any use whatsoever of the identified material. The provisions of Rule 26(b)(5) of the Federal Rules of Civil Procedure are hereby incorporated by reference and nothing herein is intended to limit the applicability of Rule 26(b)(5) to information disclosed during discovery in this matter. Nothing herein shall prevent the Receiving Party from contending that privilege was waived for reasons other than the mere inadvertent production thereof.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's designation under this Order is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party

does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's designation under this Order must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the designation was improper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention. A Party that elects to challenge a designation, after considering the justification offered by the Designating Party, may raise the issue with the Court. All such challenges shall be made pursuant to Magistrate Judge Kristen L. Mix's discovery procedures.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's challenged designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party shall only use Discovery Material, including Protected Material, for purposes of prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party

must comply with the provisions of Paragraph 11, below.  Protected Material must be stored and maintained by a Receiving Party at a location and in a manner that ensures that access is limited to the persons authorized under this Order.  Notwithstanding any other provisions of this Order, under no circumstances shall any Protected Material or any information contained therein be used by any Receiving Party or Counsel in the preparation or prosecution of any patent applications or other proceedings before the U.S. Patent and Trademark Office or for competitive purposes on behalf of a Receiving Party.

7.2    Disclosure of Protected Materials. Protected Materials and any information contained therein shall be disclosed (and copies may be made to facilitate this disclosure), subject to Paragraphs 2.3, 2.4, and 7.3, only to the following persons ("Qualified Persons") according to the terms of this Order:

(a)    Outside Counsel (both Outside Counsel of record, other Outside Counsel) of a Receiving Party who are substantially engaged in the prosecution or defense of this action, including attorneys associated with Outside Counsel of record, and regular and temporary employees and support staff of such Outside Counsel of record, other Outside Counsel;

(b)    One designated In-House Counsel of a Receiving Party who meets the following requirements: (i) has entered an appearance in this Action as counsel of record for a Receiving Party [~~OR~~ or executed the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A] {IS~~SUE~~ A}, (ii) is substantially engaged in the prosecution or defense of this action, and (iii) is not a competitive decision-maker for a Party and does not otherwise substantively represent a Receiving Party in matters before the U.S. Patent and Trademark Office that is likely to implicate competitive decision-making related to the subject

*accepted KLM*

10

matter of this litigation so as to give rise to a risk of inadvertent use of confidential information learned in this litigation. Any Designating Party shall have five (5) business days from receipt of a written designation to object to qualification of specified In-House Counsel, but consent to a Party's designee shall not be unreasonably withheld.  As to any Designating Party that does not object within five (5) business days,  the Receiving Party may disclose Protected Materials of that Designating Party to designated In-House Counsel.  As to any Designating Party that objects within five (5) business days, the Receiving Party shall not disclose the Protected Materials of that Designating Party to the designated In-House Counsel absent subsequent agreement of the Designating Party or order of the Court.  The Receiving Party who is seeking to qualify In-House Counsel under this paragraph shall have the burden of filing a Motion for Inclusion of Counsel Under Protective Order with the Court.  All such motions shall be made according to Magistrate Judge Kristen L. Mix's discovery procedures. The Parties may also agree in writing among themselves that an In-House Counsel shall be a Qualified Person under Paragraph 7.2(b) and need not be subject to this In-House Counsel qualification procedure;

(c)    Professional Vendors that assist Counsel in the prosecution or defense of this action, such as outside contractors and document discovery services hired to copy, index, image, sort, store, process, or otherwise manage the collection, storage, and retrieval of discovery materials, graphics or design services, and jury or trial consulting services, and who have executed the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A;

(d)    Experts, whether testifying or not, including their support staff and associates, only to the extent necessary for such an Expert to prepare a written report or opinion,

to prepare to testify, or to assist counsel in the prosecution or defense of this action, and who have executed the Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A and who have submitted the additional information required pursuant to, and complied with the procedures set forth in, Paragraph 7.5 prior to the first disclosure of Protected Materials to the Expert;

(e)     the Court and its staff, or a Special Master appointed by the Court and its staff;

(f)     court reporters and videographers employed by the Court or the parties to record or transcribe testimony (in deposition or in court) or any other proceedings in these actions;

(g)     the author or recipient (including copied recipients) of the document, which document was authored or received in the normal course of business and was known to the author or recipient outside of this litigation, or any other deponent or witness for whom there is a demonstrated basis for believing that the deponent or witness would have had prior access to the document or the Confidential Information or Highly Confidential-Attorneys' Eyes Only Information;

(h)     those other persons authorized by written consent or stipulation of the Designating Party, under conditions set forth by that Designating Party, prior to disclosure to such persons, provided however that any person qualified under this provision may only review the Protected Material of the Designating Party that has provided such authorization; and

(i)     up to two employees of the Receiving Party, including in-house counsel (other than as provided in Paragraph 7.2(b)), who have executed the Acknowledgment and

Agreement to be Bound in the form annexed hereto as Exhibit A, and have been designated in writing by such Receiving Party to all other Parties following the entry of this Stipulated Protective Order. Any Producing Party shall have five business days from receipt of a written designation to object to disclosure to specified employees. If no objection is made within five business days, then the Receiving Party may disclose Confidential Information or Items to the designated employee(s). If a Producing Party objects within five business days, the Receiving Party shall not disclose the Confidential Information or Items to the designated employee(s) absent subsequent agreement of the Producing Party or order of the Court. The Receiving Party who is seeking to qualify designated employee(s) under this paragraph shall have the burden of filing a Motion for Inclusion of Employee(s) Under Protective Order with the Court.

7.3     Confidential Information shall not be disclosed or made available by the Receiving Party to persons other than Qualified Persons. Information designated as Highly Confidential-Attorneys' Eyes Only shall not be disclosed or made available to persons other than Qualified Persons described in Paragraphs 7.2(a) through 7.2(g) above, and Paragraph 7.2(h) above.

7.4     Experts will not be subject to discovery on any draft of their reports in this case and such draft reports, notes, or outlines for draft reports are also exempt from production and discovery. No discovery may be taken from any non-testifying Expert except to the extent that the non-testifying Expert has provided information, opinions, or other materials to a testifying Expert, who relies upon such information, opinions, or other materials in forming his or her final report, or any opinion in this case. No conversations or communications between counsel and any testifying or non-testifying Expert, including emails or correspondence, will be subject to

discovery unless the conversations or communications are relied upon by a testifying Expert in formulating his or her final report, or any opinion in this case. Factual information or data and prior art provided to an Expert for use in forming his or her opinions shall be discoverable, regardless of whether supplied by counsel. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this action and this Order.

7.5     Before Protected Material may be disclosed to a person identified as an Expert as provided in subparagraph 7.2(d), the Party retaining the person shall provide written notice of the intended disclosure. The notice shall be made by serving on counsel of record an executed Acknowledgment and Agreement to be Bound in the form annexed hereto as Exhibit A, along with a written statement setting forth that person's past or present association with any Party, and a curriculum vitae which includes a list of publications and a list of the person's clients in any ongoing consultations and any consultations within the last five (5) years relating to pharmacogenetic, sequencing or diagnostic issues. No Protected Material shall be disclosed to such person until after the expiration of five (5) business days, commencing with the service of said notice by facsimile or electronic mail ("e-mail") upon counsel of record for the Producing Party. If a Party has a good faith basis for believing it would be harmed by the proposed disclosure, it may object to such disclosure within five (5) business days after receipt of the notice. Objections must be made in writing and state with particularity the basis for the objection. In the event of an objection, the Parties shall promptly confer to attempt to resolve the concerns giving rise to the objection. If the Parties are unable to reach an agreement regarding such disclosure, the Party objecting to the disclosure may within five (5) business days of the

14

conferral, request that the Court issue an Order barring the disclosure. The objecting Party shall have the burden of showing why that person should not have access to Protected Material. Pending resolution of any such motion, no disclosure of Protected Material shall be made to that person. The Court may impose restrictions as it deems appropriate on such disclosure as a condition of issuing its Order.

7.6     To the extent a designated individual to whom Protected Material may be disclosed is or may be a non-testifying Expert, such non-testifying Expert will not be subject to deposition or subpoena as a witness at trial based solely on the fact that he/she is a non-testifying Expert. No provision of this Protective Order is intended to preclude the deposition or trial testimony of any individual whom a Party believes in good faith has pre-existing independent information or knowledge of facts relevant to this case about such information or knowledge.

[Defendants: 7.7     All Protected Material, in whatever form, and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel that might reveal Protected Material, shall be retained within the United States and shall not be transmitted to locations outside of the United States. [ISSUE B}

*rejected KLM*

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Receiving Party must immediately notify the Designating Party in writing (by fax or email

attachment, if possible) of such subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the person or entity who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to that person or entity.

The purpose of imposing these duties is to alert that person or entity to the existence of this Order and to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  Should the Designating Party choose to limit such production, the Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     FILING PROTECTED MATERIAL

All Protected Material, or quotations therefrom, included in papers filed with or otherwise disclosed to the Court in oral argument or hearing, shall be filed with or disclosed to the Court pursuant to the provisions of Rule 7.2 of the Local Civil Rules for the United States District Court for the District of Colorado.  Unless the Court denies the request for sealed filing or disclosure, such papers or transcripts of oral argument or hearing shall not be disclosed to any person who is not permitted to view such materials pursuant to the terms of this Order.

11.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final dismissal or other conclusion of this Action ("Termination of Action") with respect to a Producing Party ("Dismissed Party"), including but not limited to dismissal with prejudice, each Receiving Party must return all Protected Material to the Dismissed Party any Protected Material produced by said Dismissed Party or destroy such Protected Material, and the Dismissed Party must return to any Producing Party its Protected Material or destroy said material. If a Producing Party is removed from this Action via a transfer to another district, it shall be treated as a Dismissed Party by any Receiving Party that is not also a party to the transferred action. The requirement to return or destroy Protected Material applies also to all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Dismissed Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that affirms that all Protected Material in the Receiving Party's possession or control has been returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries

17

or other forms of reproducing or capturing any of the Protected Material. Likewise, whether the Protected Material is returned or destroyed, the Dismissed Party must submit a written certification to each Producing Party by the sixty (60) day deadline that affirms that all Protected Material of the Producing Party in the Dismissed Party's possession or control has been returned or destroyed and that affirms that the Dismissed Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material of the Producing Party. All remaining Protected Material, including Protected Material from non-parties, must be returned or destroyed within sixty (60) days after the final termination of this action and written certification submitted to the Producing Party. Notwithstanding the foregoing requirements of this paragraph, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence and attorney work product, even if such materials contain Protected Material. For purposes of this Paragraph 11, "work product" shall be limited to documents and tangible things that: (i) are prepared in anticipation of litigation or for trial by or for Outside Counsel or its representative; and (ii) consist of or reflect an attorney's or its representative's mental impressions, conclusions, opinions, or legal theories concerning the action. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Paragraph 4.

12. <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person or entity to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Order.  Similarly, no Party waives any

right to object on any ground to use in evidence of any Protected Material.

12.3     Right to Seek Modification. By stipulating to entry of this Order, no Party waives

the right to later petition the Court for modification of this Order.

12.4     Right to Request Injunction. Each Party acknowledges that any breach of this

Order may result in immediate and irreparable injury for which there is no adequate remedy at

law.  If any person violates or threatens to violate the terms of this Order, the aggrieved Party

may immediately apply to obtain injunctive relief against any such violation or threatened

violation, and in such a situation any respondent who is subject to the provisions of this Order

may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

12.5     Ability to Advise Clients.  This Protective Order shall not bar attorneys from

advising their clients with respect to this litigation.

IT IS SO ORDERED:

Dated: _December 29, 2011_

_____
United States Magistrate Judge


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


By: _____     By: _____
     Robert R. Brunelli                        Hugh Q. Gottschalk
          rbrunelli@sheridanross.com                Gottschalk@wtotrial.com
     Todd P. Blakely                           Matthew E. Johnson
          tblakely@sheridanross.com                 Johnson@wtotrial.com
     Benjamin B. Lieb                          Wheeler Trigg O'Donnell LLP
          blieb@sheridanross.com               1801 California Street, Suite 3600
     Hiwot A. Molla                            Denver, Colorado 80202
          hmolla@sheridanross.com              Telephone:  303-244-1800

SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Telephone:  303-863-9700
Facsimile:  303-863-0223
            litigation@sheridanross.com

ATTORNEYS FOR PLAINTIFF
GENETIC TECHNOLOGIES LIMITED

Facsimile:  303-244-1879

ATTORNEYS FOR DEFENDANT
AGILENT TECHNOLOGIES, INC.

By: _____

    David B. Wilson
        David.wilson@hro.com
    HOLME ROBERTS & OWEN LLP
    1700 Lincoln Street, Suite 4100
    Denver, Colorado 80203
    Telephone:  303-861-7000
    Facsimile:  303-866-0200

    William F. Lee
        William.lee@wilmerhale.com
    WILMER CUTLER PICKERING HALE &
    DORR LLP
    60 State Street
    Boston, MA 02109
    Telephone: (617) 526-6556
    Facsimile: (617) 526-5000

    Amy Kreiger Wigmore
        amy.wigmore@wilmerhale.com
    Tracey C. Allen
        tracey.allen@wilmerhale.com
    WILMER CUTLER PICKERING HALE &
    DORR LLP
    1875 Pennsylvania Avenue NW
    Washington, DC 20006
    Telephone:  202-663-6856
    Facsimile:  202-663-6363

ATTORNEYS FOR DEFENDANT
BRISTOL-MYERS SQUIBB COMPANY

By: _____

    Ryan J. Fletcher
        rfletcher@merchantgould.com
    Kirstin Stoll-DeBell

kstolldebell@merchantgould.com
MERCHANT & GOULD P.C.
1050 Seventeenth Street, Suite 1950
Denver, Colorado 80265
Telephone:  303-357-1670
Facsimile:  303-357-1671

David W. Nelmark
        dwnelmark@belinmccormick.com
BELIN MCCORMICK, PC
666 Walnut St., Suite 2000
Des Moines, Iowa 50309
Telephone:     (515) 283-4671
Facsimile:     (515) 558-0671

ATTORNEYS FOR DEFENDANT
EUROFINS STA LABORATORIES, INC.

---

**DWAYNE L. MASON**
  Email: masondl@gtlaw.com
  Texas Bar No. 00787977
**TARA M. WILLIAMS**
  Email: williamsta@gtlaw.com
  Texas Bar No. 24043999
**GREENBERG TRAURIG, LLP**
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
T: (713) 374-3500
F: (713) 375-3505

**MARY A. WELLS**
  E-mail: mwells@warllc.com
**WELLS, ANDERSON & RACE, LLC**
1700 Broadway, Suite 1020
Denver, CO 80290
T: (303) 830-1212
F: (303) 830-0898

*Attorneys for Defendant*
GLAXOSMITHKLINE LLC

By: _____

Bruce A. Featherstone
   bfeatherstone@featherstonelaw.com
FEATHERSTONE PETRIE DESISTO LLP
600 17TH Street, Suite 2400-S
Denver, Colorado 80202
Telephone:  303-626-7100
Facsimile:  303-626-7101

J. Patrick Elsevier, Ph.D.
   jpelsevier@jonesday.com
JONES DAY
12265 El Camino Real, Suite 200
San Diego, California 92130
Telephone:  858-314-1161
Facsimile:  858-314-1150

Dr. Judy Jarecki-Black
   Judy.Jarecki@merial.com
Merial L.L.C.
3239 Satellite Blvd.
Duluth, Georgia 30096
Telephone:  678-638-3805
Facsimile:  678-638-3350

ATTORNEYS FOR DEFENDANT
MERIAL L.L.C.


By: _____

Anita G. Fox
   afox@fraserlawfirm.com
Fraser Trebilcock Davis & Dunlap, P.C.
124 West Allegan, Suite 1000
Lansing, Michigan 48933
Telephone:    517-377-0837

ATTORNEYS FOR DEFENDANT
GENESEEK, INC.


By: _____

Michael J. Malecek

22

Michael.malecek@kayescholer.com
Peter E. Root
Peter.root@kayescholer.com
Stephen C. Holmes
Stephen.holmes@kayescholer.com


KAYE SCHOLER LLP
Two Palo Alto Square, Suite 400
3000 El Camino Real
Palo Alto, California 94306
Telephone:  650-319-4500
Facsimile:  650-319-4700

ATTORNEYS FOR DEFENDANT
PFIZER, INC.


By: _____
Peter C. Middleton
middletonp@hallevans.com
Jane S. Mitchell
mitchellj@hallevans.com
J. Ryan Johnson
johnsonr@hallevans.com
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202
Telephone:  303-628-3300
Facsimile:  303-628-3368


Grantland G. Drutchas
drutchas@mbhb.com
Paula S. Fritsch
fritsch@mbhb.com
Dmitriy A. Vinarov
vinarov@mbhb.com
James V. DeGiulio
degiulio@mbhb.com
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive, Suite 3100
Chicago, IL  60606
T: 312-913-0001

F: 312-913-0003

ATTORNEYS FOR DEFENDANT
454 LIFE SCIENCES CORPORATION

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____

_____, declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the District of Colorado in the case of *Genetic Technologies Limited v. Agilent*

*Technologies, Inc., et al.*, Case No. 11-cv-01389-WJM-KLM.  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt of

court. I solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States

District Court for the District of Colorado for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termination of this

action.

Signature: _____

Name: _____

Date: _____